UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15CR348 HEA |
| | ) | |
| THOMAS THADEUS SZCZERBA and | ) | |
| KEISHA EDWARDS | ) | |
| | ) | |
| Defendants, | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Order and Recommendation of Magistrate Judge David D. Noce addressing Defendant Szczerba's Motions to Suppress Evidence, [Doc. No.'s 23, 65 and 97], Defendant Szczerba's Motion to Suppress Physical Evidence obtained during the search of a hotel room, [Doc. No. 85], Defendant Szczerba's Motion to Suppress Evidence obtained during the search of a motor vehicle, [Doc. No. 86], and Judge Noce's Order and Recommendation addressing Defendant Edwards' Motions to Suppress Evidence, [Doc. No.'s 24, 69 and 130]. Evidentiary hearings were held September 7, 2016 and October 7, 2016. Judge Noce recommends that these motions be denied. Defendants have filed written objections to these recommendations.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or

recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such a *de novo* review of those portions of the Memorandum to which Defendant objects. The Court has reviewed the entire record for this purpose.

Both Defendants object to Judge Noce's finding that, although search of the hotel room and car were not authorized by the search warrant as written, the search was proper under the good faith exception to the exclusionary rule articulated in *United States v. Leon*, 468 U.S. 897 (1984).

Judge Noce's Order meticulously details the events surrounding the searches. After recognizing the defect in the search warrant, *i.e.* that it stated that the person of Defendant Edwards was to be searched, rather than the hotel room and the car, Judge Noce carefully analyzes whether the totality of the circumstances give rise to Sgt. Nijkamp's good faith belief that the police were authorized to search the hotel room and the car. Based on the facts given to Sgt. Nijkamp by the alleged victim, Sgt. Nijkamp had probable cause to believe that a crime had been committed. The suppression of an invalid warrant is appropriate "only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Leon*, 468 U.S. at 922.

Defendant Edwards objects to Judge Noce's Order because he did not specifically address her argument to suppress the video recording of Defendants' hotel room. Defendant argues that the video should be suppressed because it was not supported by probable cause and was not authorized by any warrant. In his Order, Judge Noce found that Sgt. Nijkamp had two purposes for making the recording. She wanted to inventory and document the contents of the hotel room to avoid a later claim that items were later missing, and she wanted to record the contents and condition of the room for criminal investigatory purposes.

Sgt. Nijkamp acted reasonably in securing the apartment while awaiting a search warrant. Based on the information she received from the alleged victim, she reasonably suspected that Defendants were engaged in wrongful activity. Sgt. Nijkamp secured the apartment to prevent the destruction of evidence of trafficking for the purpose of sexual exploitation. The act of securing the apartment while awaiting a search warrant comports with the Fourth Amendment. *See United States v. Roby,* 122 F.3d 1120, 1125 (8th Cir.1997). Moreover, the affidavit Sgt. Nijkamp filed in support of the search warrant contains no information indicating she exploited her presence while securing the apartment. *United States v. Ruiz-Estrada*, 312 F.3d 398, 404 (8th Cir. 2002). The *Roby* Court cited to *Segura v. United States,* 468 U.S. 796 (1984). In *Segura*, the United States Supreme Court was called upon to decide "whether, when officers have probable cause to believe

3

that evidence of criminal activity is on the premises," the Fourth Amendment permits police to temporarily secure a dwelling in order to "prevent removal or destruction of evidence." *Id.* at 809. Without deciding whether securing a dwelling constituted a "seizure" under the Fourth Amendment, the Court noted that "[d]ifferent interests are implicated by a seizure than by a search. A seizure affects only the person's possessory interests; a search affects a person's privacy interests." *Id.* at 806. The Court ultimately concluded that, where officers had probable cause to believe that evidence of a crime was inside a dwelling, the Fourth Amendment permits police to secure the dwelling to prevent destruction or removal of evidence while a search warrant is being secured. *Id.* at 810.

Judge Noce's recommendation is based on sound and thorough legal analysis and attentiveness to the evidence. Nothing contained in the Recommendation is contrary to the law, nor does it misstate the facts. Judge Noce reviewed and considered Defendants' arguments and authority that they presented. The objections are overruled.

Judge Noce's conclusions are based on sound legal analysis. The Court agrees with Judge Noce's conclusions in their entirety. The Recommendations are adopted *in toto*.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Szczerba's Motions to Suppress

Evidence, [Doc. No.'s 23, 65 and 97], Defendant Szczerba's Motion to Suppress Physical Evidence obtained during the search of a hotel room, [Doc. No. 85], Defendant Szczerba's Motion to Suppress Evidence obtained during the search of a motor vehicle, [Doc. No. 86], and Defendant Edwards' Motions to Suppress Evidence, [Doc. No.'s 24, 69 and 130] are denied.

Dated this 30th day of December, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE