UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:15CR348   HEA |
| | ) | |
| THOMAS THADDEUS SZCZERBA, | ) | |
| a/k/a "Enzo", | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial, [Doc. # 222]. The Government opposes the Motion and has filed a response thereto. For the reasons set forth below, the Motion is denied.

## **Facts and Background**

Thomas Szczerba ("Szczerba") and Keisha Edwards ("Edwards") were charged in a second superseding indictment with: Count One: Conspiracy to Commit an Offense Against the United States in violation of Title 18 U.S.C. § 371; Count Two: Conspiracy to Engage in Sex Trafficking in violation of Title 18 U.S.C. §§ 1591(a)(1), (a)(2) and (b)(1) and 1594(c); Count Three: Interstate Transportation of an Individual to Engage in Prostitution in violation of Title 18 U.S.C. §§ 2421 and 2; Count Four: Use of Facilities of Interstate Commerce with

Intent to Aid an Enterprise Involving Prostitution in violation of Title 18 U.S.C. §§ 1952(a)(3) and 2; Count Five: Enticement to Travel in Interstate Commerce to Engage in Prostitution in violation of Title 18 U.S.C. §§ 2421 and 2; Count Six: Sex Trafficking by Force, Fraud or Coercion in violation of Title 18 U.S.C. §§ 1591(a), (b)(1) and 2, and Count Seven: Use of Facilities in Interstate Commerce with Intent to Distribute Proceeds from an Enterprise Involving Prostitution in violation of Title 18 U.S.C. §§ 1952(a)(1) and 2.

On February 8, 2017 both defendants proceeded to trial on the second superseding indictment. Prior to opening statements in the case co-defendant Keisha Edwards entered a guilty plea to aiding and abetting defendant Szczerba in the commission of Count Four: Use of Facilities of Interstate Commerce with Intent to Aid an Enterprise Involving Prostitution in violation of Title 18 U.S.C. § 1952(a)(3), and Count Seven: Use of Facilities in Interstate Commerce with Intent to Distribute Proceeds from an Enterprise Involving Prostitution in violation of Title 18 U.S.C. § 1952(a)(1).

The trial of co-defendant Szczerba proceeded and the United States presented evidence in its case-in-chief. That evidence included testimonial evidence from seven witnesses, documentary evidence in the nature of bank, email, credit card and financial records, a 911 dispatch call and transcript of same,

as well as website information which demonstrated defendant Szczerba's participation in the charged offenses.

After considerable deliberation the jury returned verdicts finding Defendant guilty of Count One: Conspiracy to Commit an Offense Against the United States in violation of Title 18 U.S.C. § 371. He was specifically found guilty of : (1) knowingly transporting the victim in interstate commerce with the intent that she engage in prostitution and (2) knowingly traveling in interstate commerce or using any facility in interstate commerce with the intent to carry on an unlawful activity to wit: prostitution, as well as aiding and abetting another in the commission of three crimes to include, Count Three: Interstate Transportation of an Individual to Engage in Prostitution in violation of Title 18 U.S.C. §§ 2421, Count Four: Use of Facilities of Interstate Commerce with Intent to Aid an Enterprise Involving Prostitution in violation of Title 18 U.S.C. §§1952(a)(3) and Count Seven: Use of Facilities in Interstate Commerce with Intent to Distribute Proceeds from an Enterprise Involving Prostitution in violation of Title 18 U.S.C. §§ 1952(a)(1) and 2.

## Discussion

**Motion for Judgment of Acquittal**

Defendant initially argues that the Government failed to make a submissible

case on each count under Rule 29 (c). The Rule provides a mechanism by which acquittal must be entered if there is insufficient evidence to sustain a conviction. "The standard for determining whether evidence is insufficient is very strict, requiring acquittal only where there is 'no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt.'" *United States v. Munoz*, No. 11B167, 2012 WL 3031143 (D.Minn. July 25, 2012), citing *United States v. Gomez*, 165 F.3d 650, 654 (8th Cir.1999). "When a district court considers a motion for acquittal, it does so with 'very limited latitude.' The court should not assess the credibility of the witnesses or weigh the evidence." *United States v. Thompson*, 285 F.3d 731, 733 (8th Cir.2002). It is the duty of the Court to view the "evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." *United States v. Garcia*, 646 F.3d 1061, 1066 (8th Cir. 2011) (citation and internal quotations omitted); See also, *United States v. Vore*, 743 F.3d 1175, 1180 (8th Cir. 2014). "This standard is quite strict' and the court will not disturb the conviction unless 'no reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" *Id*. (quoting *United States v. Wright*, 739 F.3d 1160, 1167 (8th Cir. 2014)).

Based on all of the evidence presented at trial, the Court concluded that the Government indeed proved all the required elements beyond a reasonable doubt. The evidence was more than sufficient to establish an evidential and legal basis for each count. The record of the trial fully supports this conclusion without reservation or qualification. There was considerable testimony by the victim relating to the conduct of the Defendant and his co-conspirator. A victim's testimony alone can be sufficient to prove the sex crimes in question. *United States v. Bell*, 761 F. 3d 900, 907 (8th Cir. 2014). Here, there was much evidence, including documentary evidence, banking records evidence, World Wide Web evidence, and 911 call evidence, supporting the position of the United States. Credibility is not an issue for the Court in these proceedings. Credibility determinations are uniquely within the province of the trier of fact, so the jury was entitled to afford more weight to the evidence presented by the prosecution. See, *United States v. Geddes*, 844 F.3d 983, 992 (8th Cir. 2017). The facts presented and the applicable law are not servants of the Defendant in this instance. The Rule 29 (c) motion necessarily must fail.

**Motion for New Trial**

Defendant argues there are *Brady* and *Giglio* violations perpetrated by the United States in the prosecution of the charges which entitle him to relief.

Defendant asserts these violations resonate from the failure of the United States to provide an FBI report relating to the interview of an individual named Michael Ritti. Mr. Ritti was referred to several times during the trial. Defendant asserts that Ritti likely had exculpatory evidence by way of testimony. Under *Giglio* "impeachment evidence falls under *Brady* when the reliability of a given witness may be determinative of a defendant's guilt or innocence." *United States v. Marshall,* No.08-50079-02, 2010 WL 428967, *1 (D.SD. Feb.3, 2010); See also, *Giglio* 405 U. S. at 154.

Under *Brady* the United States must disclose all exculpatory evidence to the defense for use at the trial. In order to succeed on a *Brady* claim, "[a defendant] must establish (1) 'the prosecution suppressed evidence,' (2) 'the evidence was favorable to him,' and (3) 'the evidence was material to either his guilt or his punishment.'" *Mandacina v. United States,* 328 F. 3d 995, 1001 (8th Cir.2003) (quoting *United States v. Carman,* 314 F. 3d 321, 323-324 (8th Cir. 2002)). *See also United States v. Duke,* 50 F.3d 571, 577 (8th Cir. 1995).

Under *Brady,* there is only a violation "if evidence is discovered, after the trial, of information which had been known to the prosecution but unknown to the defense." *United States v. Manthei*, 979 F.2d 124, 127 (8th Cir. 1992) (citing *Nassar v. Sissel*, 792 F.2d 119, 121 (8th Cir. 1986)). "*Brady* does not cover

evidence that would merely help a defendant prepare for trial but is otherwise immaterial to the issues of guilt or punishment." *United States v. Aleman*, 548 F.3d 1158, 1164 (8th Cir. 2008) (citing *United States v. Agurs*, 427 U.S. 97, 112 n.20 (1976)). Materiality is a function of being able to demonstrate that "there is a reasonable probability that if the allegedly suppressed evidence had been disclosed at trial the result of the proceeding would have been different." *Sanchez-Florez*, 533 F.3d at 941 (quoting *Drew v. United States*, 46 F.3d 823, 828 (8th Cir. 1995)). A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Under Eighth Circuit law "… *Brady* does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." *United States v. Almendares,* 397 F.3d 653, 664 (8th Cir. 2005).

Defendant argues points which pre-suppose facts, circumstances and details which are in large part not reflective of the record in this trial. The evidence, the FBI report, which forms the core of the Defendant's argument, was indeed provided to the defense and the United States made Mr. Ritti available to the defense. The defense met with Ritti and elected not to call Ritti at trial. The defense did, however, cross-examine FBI Special Agent Jennifer Lynch (drafter of the now alleged notorious report regarding Mr. Ritti's interview) and during the

cross-examination, defense counsel presented the contents of Mr. Ritti's statement through the testimony of Agent Lynch. In rebuttal the defense presented Sgt. Nijkamp and had an opportunity to inquire of Sgt. Nijkamp regarding Mr. Ritti's statement. The statement therefore was not suppressed. See, *United States v. Paredes-Cordova,* 504 Fed. Appx. 48 (2d Cir. 2012)(holding that although government belatedly made mid-trial disclosure in drug conspiracy prosecution of confidential source's statements, the statements were not "suppressed" within the meaning of *Brady*, since defendant had sufficient time to use the statements, as the government also made a full disclosure of material and defense counsel was allowed an opportunity to restructure its cross-examination of another government witness). The clapper of *Brady* was not struck.

The United States had the duty of proving (1) how and why Szczerba transported the victim to the Eastern District of Missouri, (2) how Szczerba traveled, used interstate facilities and transported the victim for the purpose of prostitution, and (3) how Szczerba distributed proceeds generated from acts of prostitution. As such the complained of statement is not material. Mr. Ritti was not the "john" named "Jordan." Ritti did not engage in any commercial sex act with the victim or co-defendant Edwards. More importantly, the report does not demonstrate in any manner, shape, or form that defendant was not involved in the

offenses of which he was convicted.

The FBI report is not even arguably exculpatory. It sheds no light on the culpability of defendant as that relates to any offense of which he was convicted. Defendant was convicted of a conspiracy to commit an offense against the United States (specifically knowingly transporting "Jane Doe" in interstate commerce with the intent that "Jane Doe" engage in prostitution and knowingly traveling in interstate commerce or using any facility in interstate commerce with the intent to carry on an unlawful activity to wit: prostitution), as well as aiding and abetting in the commission of the crimes of: (1) interstate transportation of an individual to engage in prostitution, (2) use of facilities of interstate commerce with intent to aid an enterprise involving prostitution and (3) use of facilities in interstate commerce with intent to distribute proceeds from an enterprise involving prostitution. The record clearly reflects the Ritti FBI report information shines no material light on any of these issues. There is no showing that there is a reasonable probability that if the victim was impeached with the content of the report at trial, the result of the proceeding would have been different. *Sanchez-Florez*, 533 F.3d at 940. In actuality, the compelling evidence of defendant's guilt renders it unlikely that there would have been a "reasonable probability" of a different verdict. *Whitley*, 514 U.S. at 433 (*Brady* materiality standard).

The Defendant also asserts the United States elicited false testimony through Sgt. Nijkamp relating to the "john" known as "Jordan." The record reflects the Sgt. could not locate the person seen in a video presentation relating to the testimony about the individual. Where false evidence is knowingly used by the state, or the state fails to correct false evidence, a due process violation may occur. *Napue v. Illinois*, 360 U.S. 264, 269 (1959). To succeed in this posture the Defendant has to demonstrate: "(1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) ... the false testimony was material." *Id*.

The record is devoid of any evidence which establishes the "actual" falsity of the evidence in question. The evidence presented to the jury relates to credibility questions and not actual falsity. As such "assessing the credibility of the witnesses lies within the province of the jury." *United States v. Peltier*, 553 F. Supp 890, 897 (D. North Dakota 1982), See also, *United States v. Sullivan*, 618 F.2d 1290, 1295 (8th Cir.1980). This point of the motion likewise fails.

The Defendant continues to assert the United States used evidence which should have been suppressed. He posits no new theories or arguments on this point. The court has already addressed these matters in the ruling on the Report

and Recommendation of the Magistrate and incorporates that ruling into the ruling on the motion.

Finally, Defendant argues that the Court should grant him a new trial based on an address to the jury while deliberations were suspended. As the United States correctly noted in response to the point nothing was said or done to suggest that defendant was interfering with moving forward since there were only 11 jurors at the time or they should act in any way contrary to the law applicable in general and specifically to the trial.

**Conclusion**

None of Defendant's arguments give rise to a basis upon which to grant his motion for judgment of acquittal or new trial. The United States proved beyond a reasonable doubt all of the necessary elements for conviction. Defendant was not deprived of any constitutional rights throughout the trial. He is not, therefore entitled to a new trial nor to a judgment of acquittal.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment of Acquittal or in

the Alternative New Trial, [Doc. #222], is **DENIED**.

Dated this 17th day of May, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE